UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GARDINER ANDERSON

     Plaintiff,

 -against-

Outhouse PR, LLC

     Defendant.

---

Case No.: 1:17 Civ. 06722 (LTS)(BCM)

**ANSWER TO COMPLAINT AND COUNTERCLAIM**

  Defendant OUTHOUSE PR, LLC ("Outhouse") by way of answer to Plaintiff's Complaint, states as follows:

  1. Defendant neither admits nor denies the allegations contained in Paragraph 1 of the Complaint, which are legal as opposed to factual assertions, and refers all questions of law to the Court. To the extent an answer may be required, and to the extent the allegations contained in this paragraph may be deemed to be factual allegations of wrongdoing against Defendant, such allegations are denied.

  2. Defendant admits that this Court has subject matter jurisdiction over this action.

  3. Defendant admits that this Court has personal jurisdiction over Defendant.

  4. Defendant admits that venue is proper in this District.

  5. Defendant lacks sufficient knowledge or information to determine the truth or falsity of the allegations contained in Paragraph 5 of the Complaint.

  6. Defendant admits the allegations in Paragraph 6 of the Complaint.

  7. Defendant lacks sufficient knowledge or information to determine the truth or falsity of the allegations contained in Paragraph 7 of the Complaint.

8. Defendant lacks sufficient knowledge or information to determine the truth or falsity of the allegations contained in Paragraph 8 of the Complaint.

9. Defendant lacks sufficient knowledge or information to determine the truth or falsity of the allegations contained in Paragraph 9 of the Complaint.

10. Defendant lacks sufficient knowledge or information to determine the truth or falsity of the allegations contained in Paragraph 10 of the Complaint, except to state that Defendant disputes the validity of Plaintiff's alleged copyright as a matter of law.

11. Defendant admits that it publishes articles on a website. Defendant lacks sufficient knowledge or information to determine the truth or falsity of the other allegations contained in Paragraph 11 of the Complaint.

12. Defendant admits that it had no communication with Plaintiff before Plaintiff filed the Complaint, and otherwise denies the allegations in Paragraph 12 of the Complaint.

13. Defendant denies the allegations in Paragraph 13 of the Complaint.

## AS TO THE FIRST CLAIM

14. Defendant repeats and re-asserts its responses to Paragraphs 1-13 of the Complaint.

15. Defendant neither admits nor denies the allegations contained in Paragraph 15 of the Complaint, which are legal as opposed to factual assertions, and refers all questions of law to the Court. To the extent an answer may be required, and to the extent the allegations contained in this paragraph may be deemed to be factual allegations of wrongdoing against Defendant, such allegations are denied.

16. Defendant neither admits nor denies the allegations contained in Paragraph 16 of the Complaint, which are legal as opposed to factual assertions, and refers all questions of law to

the Court. To the extent an answer may be required, and to the extent the allegations contained in this paragraph may be deemed to be factual allegations of wrongdoing against Defendant, such allegations are denied.

17. Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Defendant denies the allegations in Paragraph 18 of the Complaint.

19. Defendant denies the allegations in Paragraph 19 of the Complaint.

## AS TO THE SECOND CLAIM

20. Defendant repeats and re-asserts its responses to Paragraphs 1-19 of the Complaint.

21. Defendant lacks sufficient knowledge or information to determine the truth or falsity of the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Defendant neither admits nor denies the allegations contained in Paragraph 24 of the Complaint, which are legal as opposed to factual assertions, and refers all questions of law to the Court. To the extent an answer may be required, and to the extent the allegations contained in this paragraph may be deemed to be factual allegations of wrongdoing against Defendant, such allegations are denied.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Complaint, except to admit that the statutory language speaks for itself.

**WHEREFORE** Defendant asks this Court to dismiss the complaint and enter judgment in favor of Defendant and that it be awarded its costs, including attorney's fees, and such other relief as the Court deems appropriate.

## AFFIRMATIVE DEFENSES

Defendant asserts the following defenses without undertaking or otherwise shifting any applicable burden of proof.  As permitted under Fed. R. Civ. P. 15, Defendant reserves the right to supplement or amend its Answer and its Affirmative Defenses as warranted by facts revealed through investigation and discovery.  Defendant also reserves the right to assert such Counterclaims as might be warranted by facts revealed through investigation and discovery.

### FIRST AFFIRMATIVE DEFENSE
(No Infringement)

29. Defendant has not engaged in any infringement of the alleged copyright listed in the Complaint.

### SECOND AFFIRMATIVE DEFENSE
(Misuse Of Copyright)

30. Plaintiff did not communicate with Defendant to seek a license from Defendant prior to filing the Complaint because Plaintiff seeks to coerce a disproportionately large settlement payment from Defendant by using infringement as a pretext for a claim for statutory damages pursuant to 17 U.S.C. §§ 1202(b) and 1203(c).

31. Upon information and belief, Plaintiff is using his copyright to obtain his principle revenue through litigation rather than licensing.

### THIRD AFFIRMATIVE DEFENSE
(Failure To State A Claim For Which Relief May Be Granted)

32. Plaintiff's Complaint alleges that "Outhouse copied the Photograph from the New

York Daily News and pasted it on the Website without bringing along Plaintiff's gutter credit." See Complaint Paragraph 22.

33. Upon information and belief, the alleged Photograph was published on other websites without Plaintiff's gutter credit, including but not limited to https://hellogiggles.com, Instagram, facebook, and https://twitter.com, at least since April 16, 2016.

34. Plaintiff fails to provide any support whatsoever for its allegation that Defendant copied the alleged Photograph from the New York Daily News.

35. Because Plaintiff fails to allege – and cannot allege from the information available to it – that Defendant copied the alleged Photograph from the New York Daily News, he has failed to state a claim for which relief may be granted.

## FOURTH AFFIRMATIVE DEFENSE
(Innocent Intent)

36. To the extent that Defendant is found to have engaged in any infringement of the copyright alleged, (which Defendant denies), Defendant was not aware and had no reason to believe that any of its acts constituted an infringement of copyright.

37. To the extent that Defendant is found to have engaged in removal of copyright management information, (which Defendant denies), Defendant was not aware and had no reason to believe that any of its acts constituted a violation of 17 U.S.C. §1202.

38. The Copyright Act, 17 U.S.C. §1203(c)(5)(A) provides that the Court in its discretion may reduce or remit the total award of damages for innocent violations to copyright management information.

## FIFTH AFFIRMATIVE DEFENSE
(No Willful Infringement)

39. To the extent that Defendant is found to have engaged in any infringement of the

copyright alleged, (which Defendant denies), any infringement by Defendant was not willful.

SIXTH AFFIRMATIVE DEFENSE
(Copyright Registration Is Invalid)

40.  Plaintiff did not provide a certified copy of the deposit material that allegedly was submitted with his application to the United States Copyright Office.

41.  Plaintiff lacks a valid copyright registration for the intellectual property rights asserted or has not properly or timely registered its intellectual property in accordance with 17 U.S.C. §§101 et. seq.

SEVENTH AFFIRMATIVE DEFENSE
(Failure To Mitigate)

42.  Plaintiff did not seek a license from Defendant prior to filing and serving the Complaint.

43.  Plaintiff has allowed the subject of the alleged Photograph, Anyela Aquino ("Subject"), to share the alleged Photograph without any accompanying copyright management information, to the world, to date, at least since April 14, 2016.

44.  Plaintiff failed to mitigate his damages.

EIGHTH AFFIRMATIVE DEFENSE
(Fair Use)

45.  Defendant's use of the alleged Photograph, if it occurred at all, was a legally protected fair use of the work.

46.  Plaintiff's claims are barred by the doctrine of fair use.

NINTH AFFIRMATIVE DEFENSE
(Intervening Causes)

47.  Without admitting that Plaintiff has sustained any injury or damages and without admitting any liability whatsoever, Defendant alleges that the injuries complained of and the

damages sought by Plaintiff in the Complaint was the direct and proximate result of certain independent actions of third parties over whom Defendant had no control. Therefore, Defendant is not liable for any of the damage that may have resulted therefrom.

### TENTH AFFIRMATIVE DEFENSE
(Consent by Waiver, Abandonment Of Copyright)

48. Plaintiff has allowed the Subject to share the alleged Photograph without any accompanying copyright management information, to the world, to date, at least since April 14, 2016.

49. Plaintiff's claims are barred by the doctrine of waiver.

### ELEVENTH AFFIRMATIVE DEFENSE
(Estoppel)

50. Plaintiff has allowed the Subject to share the alleged Photograph without any accompanying copyright management information, to the world, to date, at least since April 14, 2016.

51. Plaintiff's claims are barred by the doctrine of estoppel.

### TWELFTH AFFIRMATIVE DEFENSE
(Implied License)

52. Upon information and belief, Plaintiff created the alleged Photograph at the Subject's request, delivered the alleged Photograph to the Subject, and intended that the Subject copy and distribute the alleged Photograph.

53. Plaintiff's claims are barred by the doctrine of implied license.

### THIRTEENTH AFFIRMATIVE DEFENSE
(Acquiescence)

54. Upon information and belief, Plaintiff has not filed a claim against the Subject for her copyright infringement of the alleged Photograph, or for her continued violation of 17 U.S.C.

§ 1202, or both, and this inexcusable delay has resulted in undue prejudice to Defendant.

55. Plaintiff's claims are barred by the doctrine of acquiescence.

## COUNTERCLAIM

## VIOLATION OF 17 U.S.C. § 1202(a)

56. Upon information and belief, Plaintiff provided the Subject with a copy of the alleged Photograph without any accompanying copyright management information.

57. Upon information and belief, the Subject posted the alleged Photograph on her Instagram page on April 19, 2016, without any copyright management information for the alleged Photograph.

58. The Subject posted the alleged Photograph on her facebook page on April 14, 2016, where it remains today, without any accompanying copyright management information. See Exhibit A.

59. Upon information and belief, Plaintiff knowingly and with the intent to induce, enable, and facilitate copyright infringement by third parties, provided the Subject with a copy of the alleged Photograph with false copyright information management for the alleged Photograph at least as early as April 14, 2016.

60. In the alternative, upon information and belief, Plaintiff provided the Subject with a copy of the alleged Photograph with copyright management information, knew that the Subject displayed and distributed the alleged Photograph without the copyright management information, and knowingly permitted the Subject to continue to display and distribute the alleged Photograph with false copyright management information with the intent to induce, enable, and facilitate copyright infringement by third parties.

61. Plaintiff has violated 17 U.S.C. § 1202(a).

62. As a result of the wrongful conduct of Plaintiff as alleged herein, Defendant is entitled to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3)(a).

**WHEREFORE**, Defendant respectfully requests that this Court:

(A) Find judgment for Defendant;

(B) Award statutory damages to Defendant;

(C) Deny Plaintiff's request for injunctive relief;

(D) Deny Plaintiff's request for statutory damages;

(E) Deny Plaintiff's request for actual damages;

(F) Deny Plaintiff's request for attorney's fees and costs;

(G) Find that Defendant is the "prevailing party" under Section 505 of the United States Copyright Act of 1976, as amended;

(H) Dismiss the Complaint at once, with prejudice;

(I) Award Defendant its reasonable fees and costs of suit; and

(J) Grant Defendant such other and further relief as this Court may deem equitable and just.

Dated: October 27, 2017                                      By: _____

Frances B. Lippincott
Lippincott IP LLC
475 Wall Street
Princeton, New Jersey 08540
Tel: (908) 237-0400
flann@lippincottip.com
Attorney for Defendant