**MEMO ENDORSED**

**Lippincott IP**

March 26, 2018

Via: CM/ECF

The Honorable Barbara Moses
United States Magistrate Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 920
New York, New York 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/27/18
```

Re:   Gardiner Anderson v. Outhouse PR, LLC; Case No. 1:17-cv-6722(LTS)(BCM)
      Joint Status Letter

Dear Judge Moses:

Your Initial Case Management and Scheduling Order required the parties to meet and confer in person by February 28, 2018 and file a joint status letter summarizing the results of the conference by March 26, 2018. Counsel held the meeting by telephone on March 13, 2018 after exchanging their clients' discovery requests, responses, and documents. The parties' present settlement positions are below.

Plaintiff:

Plaintiff has significantly reduced his demand to $2,500 after Defendant produced documents that suggested that it obtained the infringing image from the subject's social media account. To be clear, Defendant did not produce metadata from its own website, but that of a 3rd party website. Contrary to Defendant's assertions, nothing in its production exonerates it from a liability for removing the copyright management information. Rather, the production merely muddies the water for Plaintiff's Second Claim for Relief. To be sure, mining social media accounts does not vitiate the Defendant's liability for copyright infringement, but it does complicate the Plaintiff's ability to prove the *scienter* requirement prong of 17 U.S.C. §1202(b).

Regardless of his ability to prove the DMCA claim, Plaintiff is entitled to actual damages for the copyright infringement. Actual damages here are measured by the loss of a license fee. Defendant wrongly relies on a range of licensing fees for other photographs and a day rate that the Plaintiff received from the Daily News. These are not reliable benchmarks. Plaintiff has a special relationship with the Daily News as a freelance photographer. The day rate reflects a special rate and is not at-arms-length transaction between a willing licensor and licensee. Defendant cannot rely on and benefit from a special relationship rate. Instead, a more reliable marker is what a willing licensor and licensee would have agreed upon for the publication of a photograph of similar style and quality. Plaintiff has made a document production evidencing a range of licensing sums into the hundreds. Therefore, Plaintiff believes $2,500 is a reasonable compromise for the two, still pending claims.

Finally, Defendant objects to the demand on the ground that it had offered a Rule 68 Judgment in the same amount and it was rejected. As Defendant notes, that offer was made on

September 21, 2017, before Defendant even made an appearance on the record, much less a document production. Plaintiff could not be expected to evaluate his case as fully at that early stage of litigation as he could after an answer has been interposed and discovery is underway. Nor should Plaintiff be punished for considering the newly gathered evidence and reevaluating his claims. For what is the purpose of discovery but to reveal the strengths and weaknesses of both parties' cases?

Plaintiff regrets the obstinate decision Defendant has taken and looks forward to the Court's guidance in resolving the matter.

Defendant:

Defendant refused Plaintiff's current settlement demand of $2500 for three reasons.

First, Plaintiff's damages under the First Claim for Relief are *de minimus* even if he can prove infringement. Plaintiff's documents show that he receives licensing fees between $21.06 - $525 for photographs of celebrities. The subject of the photograph in suit was a high school volleyball player and is not a celebrity. Plaintiff invoiced the New York Daily News $250 for eight hours of work on April 2, 2016, which amounts to $31.25 per hour. It is unlikely that Plaintiff spent an hour taking the digital photograph so even an hourly rate of compensation yields a trifling amount.

Second, Defendant has no liability whatsoever under the Second Claim for Relief for violation of 17 U.S.C. § 1202(b). Plaintiff essentially conceded that he has no proof that Defendant removed copyright management information ("CMI") from the photograph, which is fatal to his claim. In fact, Plaintiff's own Exhibit C to his Complaint exonerates Defendant because it shows that the photograph that Defendant allegedly used on its website came from a source that already had stripped the CMI. Defendant provided Plaintiff with the third-party metadata that shows the absence of any CMI. Plaintiff failed in his duty to make a reasonable inquiry as to this readily available public information before he filed the complaint. Defendant can prove that it did not remove CMI from the photograph, and Plaintiff cannot prove that it did. Counsel discussed these facts pursuant to a motion for summary judgment, and Defendant will seek leave to file a Fed. R. Civ. P. 56 motion if Plaintiff insists on pursuing damages to which he is not entitled.

Third, Plaintiff ignored the Fed. R. Civ. P. 68 Offer of Judgment for $2501.00 that Defendant served on September 21, 2017. Defendant will not settle for that amount now.

Finally, Defendant informs the Court that Plaintiff did not file his affidavit of service of the summons and complaint pursuant to Fed. R. Civ. P. 4(l)(1), did not serve his initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A), and did not sign his interrogatories pursuant to Fed. R. Civ. P. 33(b)(5).

The parties respectfully request that the status conference scheduled for April 2, 2018, be conducted by telephone.

Lippincott IP LLC | 475 Wall Street | Princeton, New Jersey | 08540 | T: 908.237.0400 F: 908.237.0401 | flann@lippincottip.com

> The parties' application to conduct the status conference by telephone is GRANTED. Counsel for the parties are directed to call (212) 805-0228 with all attorneys on one line, at the time of the conference. It is hereby ORDERED that plaintiff show cause in writing, on or before **Friday, March 30, 2018**, why he should not be sanctioned for failure to serve his initial disclosures in accordance with the Court's Initial Case Management and Scheduling Order dated December 18, 2017 (Dkt. No. 20). At the status conference, plaintiff's counsel should also be prepared to discuss the other discovery deficiencies alleged by defendant in the parties' joint letter. SO ORDERED.
>
> _____
> Barbara Moses, U.S.M.J.
> March 27, 2018

Respectfully Submitted,

By: _____

Frances B. Lippincott
Lippincott IP LLC
475 Wall Street
Princeton, New Jersey 08540
Tel: (908) 237-0400
flann@lippincottip.com
*Attorneys for Defendant
Outhouse PR LLC*

**By: /Yekaterina Tsyvkin/**

By: Yekaterina Tsyvkin
LIEBOWITZ LAW FIRM
11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
kt@liebowitzlawfirm.com

*Counsel for Plaintiff Gardiner Anderson*