**BY ECF**                                                                                      March 30, 2018

**Honorable Barbara Moses, U.S.M.J.**
**United States District Court for the Southern District of New York**
**Daniel Patrick Moynihan United States Courthouse**
**500 Pearl St.  Courtroom 20A**
**New York, NY 10007**

**Re:**   *Anderson v. Outhouse PR, LLC,*
          *Docket No. 1:17-cv-6722(LTS)(BCM)*

Dear Judge Moses,

   Pursuant to Your Honor's March 27, 2018 Order (Dkt. 21), Plaintiff Gardiner Anderson ("Anderson") respectfully submit this letter showing cause why he should not be sanctioned for his delay in serving his Initial Disclosures.

   **1. Fact Surrounding the Delay of Initial Disclosures.**

   Plaintiff's counsel only recently found out that Initial Disclosures were never received and, possibly, not sent by her law firm.  The unfortunate omission occurred as a result of the undersigned counsel taking over the case right before the Initial Pretrial Conference, held on December 12, 2018.  See Dkt. 18.  The Required 26(f) conference had already occurred by the time the undersigned appeared in the case.  It was counsel's mistaken impression that Plaintiff's Initial Disclosures were sent out shortly after the 26(f) Conference.  Likewise, once handing over the case to the undersigned, the partner of the firm was also under the false impression that the undersigned would send out Initial Disclosures soon after the Pretrial Conference.  There was an office miscommunication, tantamount to inadvertent office error that counsel regrets and the possibility that the disclosure were never sent has only recently been brought to her attention.

   The office error was further amplified by the fact that parties did not agree to email courtesy copies until later in the discovery process, making it difficult to verify whether the Initial Disclosure were never received or never sent.  After investigating the matter in the office, counsel still cannot determine whether the disclosures were sent.

   Moreover, Plaintiff has timely responded to Defendant's discovery requests, including documents requests and interrogatories as well as making a document production.  Additionally, Plaintiff and Defendant have held at least three telephone conferences discussing the facts, document production, damages computation as well as other relevant matters pertaining to the case.  Defendant was provided with a lost licensing fee calculation and has refused to entertain the most reasonable demand to settle a straight-forward copyright infringement case.

   **1. Sanctions against Plaintiff are unwarranted**
   A. Preclusion is not warranted due to the omission being substantially justified or harmless

Rule 37(c) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing or at trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1). "Substantial justification may be demonstrated where there is justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request or if there exists a genuine dispute concerning compliance." *Ritchie Risk–Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC,* 280 F.R.D. 147, 159 (S.D.N.Y. Feb. 15, 2012) (internal quotation and citations omitted). An omission or delay in disclosure is harmless where there is "an absence of prejudice" to the offended party. *Id.; see Aboeid v. Saudi Arabian Airlines Corp.,* No. 10 CV 2518(SJ)(VVP), 2011 WL 5117733, at *2 (E.D.N.Y. Sept. 6, 2011).

Therefore, even if there is a violation of Rule 26(a) or (e), courts may not impose sanctions under Rule 37(c)(1) where a party's failure to comply was "substantially justified" or where the conduct was "harmless." *See* Fed.R.Civ.P. 37(c)(1). Here, while it is undisputed that Defendant never received the Initial Disclosures in a timely manner, the delay was caused by an inadvertent office error.  It was harmless in that there is an absence of prejudice to the Defendant as a result of the delay.  Nothing contained in the Initial Disclosures was unknown to the Defendant, including the computation of damages and persons with potential information regarding the case.  Between multiple telephone conferences, discovery responses and production – Defendant had all the information typically contained in the Initial Disclosures.

   B.  Court should not exercise its discretion to impose sanctions

Crucially, despite the mandatory wording of Rule 37(c)(1), the Second Circuit has held that preclusion is a discretionary remedy, even if "the trial court finds that there is no substantial justification and the failure to disclose is not harmless." *Design Strategy, Inc. v. Davis,* 469 F.3d 284, 297 (2d Cir.2006) (internal quotation marks omitted). In deciding whether to exercise its discretion to impose sanctions, a court should consider: "[a] the party's explanation for the failure to comply with the [disclosure requirement]; [b] the importance of the [new evidence]; [c] the prejudice suffered by the opposing party as a result of having to prepare to meet the new [evidence]; and [d] the possibility of a continuance." *See Kam Hing Enterprises, Inc. v. Wal–Mart Stores, Inc.,* 359 F. App'x 235, 237 (2d Cir.2010)(internal citations omitted).

In this case Plaintiff has offered an explanation for the delay in compliance with the obligation to timely disclose – inadvertent office error.  The importance of the information contained in the initial disclosures is negligible.  Again, the Defendant already knew all of the information contained therein as a result of several telephone conferences, discovery responses and document production.  The Defendant cannot and does not show any prejudice as a result of the delay in the submission of Initial Disclosures.  Similarly, the Defendant did not have to do anything to prepare for the belated submission.  Finally, there is no need for a continuance since the parties are still in the midst of discovery.  None of the factors favor an imposition of sanctions.

   C.  Even lesser sanctions are unwarranted

Finally, even where preclusion is not warranted, "it is generally appropriate, at a minimum, to require a party that has not complied with its discovery obligations to pay the reasonable fees and costs incurred by the moving party in seeking disclosure and/or in seeking discovery sanctions." *Ritchie Risk,* 280 F.R.D. at 157. It is also proper to shift costs where one party's dilatory conduct causes the other party to incur additional costs it would otherwise not have borne. *Id. See A.V.E.L.A., Inc. v. Estate of Monroe*, No. 12 CIV. 4828 KPF JCF, 2014 WL 715540, at *7 (S.D.N.Y. Feb. 24, 2014), *adhered to on reconsideration*, No. 12 CIV. 4828 KPF JCF, 2014 WL 1408488 (S.D.N.Y. Apr. 11, 2014).

Defendant does not and cannot show any additional costs incurred as a result of the delay. The Defendant did not have to move for sanctions but rather brought the issue to the Court's attention in a previously-ordered, joint submission to the Court.  No expenses, fees or costs were incurred to seek the Initial Disclosures as a result of belatedly receiving the same.   To repeat, the Defendant did not move for sanctions or to compel, making even lesser sanctions unnecessary.

In light of these reasons, we respectfully ask the Court to not sanction the Plaintiff.


Respectfully Submitted,

/s/Yekaterina Tsyvkin
Yekaterina Tsyvkin
Liebowitz Law Firm, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
(516) 233-1660
RL@LiebowitzLawFirm.com
kt@liebowitzlawfirm.com
*Attorneys for Plaintiff Gardiner Anderson*